

1  JEFFREY A. DICKERSON
   NEVADA Bar No. 2690
2  9655 Gateway Dr., Suite B
   Reno, NV 89521
3  (775) 786-6664
   (775) 786-7466-Facsimile
4
   ROBERT DICKEY
5  NEVADA Bar No. 653
   1610 Montclair Ave., Ste. A
6  Reno, NV 89509

7  Attorneys for Plaintiff

CV-N-04-0202-LRH-RAM

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AILEEN DOUGLAS,

    Plaintiff,

vs.

ALERE MEDICAL INCORPORATED, a
California corporation,

    Defendant.
_____/

CASE NO.

COMPLAINT AND JURY DEMAND

Plaintiff for her complaint against Defendant complains and avers as follows:

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff timely commenced a charge of discrimination before the EEOC, exhausted those remedies, received a right to sue notice, and files this action within 90 days thereof

2.    Defendant is a California Corporation doing business in Reno, Nevada.

3.    Defendant employed Plaintiff from December of 2002 through February 2003.

### FIRST CLAIM FOR RELIEF

4.    Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-3 hereinabove as though fully set forth at this point.

5.    Plaintiff has a disability as defined at 42 U.S.C. §12102(2), including multiple sclerosis which is a physical condition which substantially limits Plaintiff's daily life activities,

JAD/sh/douglas/complaint                1



including walking, running and standing.

6. Plaintiff is a qualified individual with a disability as that phrase is defined at 42 U.S.C. §12111, because she could and can perform the essential functions of her position at Defendant with or without reasonable accommodation.

7. Defendant employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year from the date of Plaintiff's employment. 42 U.S.C. §12111(5).

8. During Plaintiff's employment, Defendant utilized standards, criteria or methods of administration that had the effect of discrimination on the basis of Plaintiff's disability and failed to make reasonable accommodations to the known physical or mental limitations of Plaintiff, and denied employment opportunities to Plaintiff based upon the need to make reasonable accommodation. As such, Defendant discriminated as that term is defined under 42 U.S.C. §12112(b)(3)(A) and (5)(A) and (5)(B).

9. As such, Defendant is liable for violation of the Americans With Disabilities Act entitling Plaintiff to the powers, remedies and procedures under the Civil Rights Act of 1964. 42 U.S.C. §12117(a).

10. As a result, Plaintiff is entitled to the panalopy of damages available under 42 U.S.C. §1981a as well as attorney's fees and costs of suit.

### SECOND CLAIM FOR RELIEF

11. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 4-10 hereinabove as though fully set forth at this point.

12. Defendant discriminated against Plaintiff because she opposed the foregoing discrimination, further subjecting it to liability for the same remedies and procedures pursuant to 42 U.S.C. §12203(a) and (c).

### THIRD CLAIM FOR RELIEF

13. Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 11-12 hereinabove as though fully set forth at this point.

14. Defendant interfered with Plaintiff's exercise or enjoyment of, or on account of

JAD/sh/douglas/complaint                    2

her having exercised her rights under the Americans With Disabilities Act, subjecting it to liability for the same damages and the same remedies and procedures available to Plaintiff under 42 U.S.C. §12203(b) and (c).

### FOURTH CLAIM FOR RELIEF

15.   Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 13-14 hereinabove as though fully set forth at this point.

16.   Defendant intended to inflict severe emotional distress upon Plaintiff via its managerial agents.

17.   Disability discrimination in today's society is outrageous.

18.   As a proximate result of Defendant's conduct Plaintiff has suffered and is entitled to damages for severe emotional distress for which she has treated and for which she has objective manifestations, in sums to be proved at trial.

19.   Plaintiff is entitled to an award of punitive damages.

### FIFTH CLAIM FOR RELIEF

20.   Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 15-19 hereinabove as though fully set forth at this point.

21.   Defendant failed to exercise reasonable care in its supervision of its managerial employees.

22.   As a proximate result, Plaintiff suffered and is entitled to past and future general damages for mental anguish, emotional distress, humiliation, harm to reputation, loss of career, loss of enjoyment of life and past and future special damages, including lost wages and benefits, all in sums to be proved at trial.

### AD DAMNUM

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages as prayed for hereinabove, for declaratory relief that her rights were so violated, for injunctive relief including reinstatement with restitution, reasonable attorneys' fees and costs

/ / /

/ / /

of suit, and such other and further relief as the Court deems just and proper.

DATED 4/21/04

LAW OFFICE OF
JEFFREY A. DICKERSON

_____
JEFFREY A. DICKERSON

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

JAD/sh/douglas/complaint                    4